**UNITED STATES of America,
Appellee,**

v.

**Darian COOK, Defendant–Appellant.**

**No. 05–1758–CR.**

United States Court of Appeals,
Second Circuit.

March 31, 2006.

John P. Collins, Jr., Assistant United States Attorney (Harry Sandick, Assistant United States Attorney), for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee, of counsel.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Present: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Darian Cook appeals from the judgment of conviction entered on March 21, 2005 in the United States District Court for the Southern District of New York (Robinson, J.). After a four-day trial, Cook was found guilty on seven counts of the eight-count indictment against him, such that he was convicted of distributing and possessing with intent to distribute five grams and more of crack cocaine at Miss Cook's Deli, located at 56 William Street, Newburgh, New York, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 [Count One]; distributing and possessing with intent to distribute cocaine at Miss Cook's Deli, located at 56 William Street, Newburgh, New York, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 [Count Two]; possessing a Mossberg 500C 20 gauge shotgun in and affecting commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) [Count Four]; distributing and possessing with intent to distribute fifty grams and more of crack cocaine at 23C Alpine Drive, Wappingers Falls, New York, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 [Count Five]; distributing and possessing with intent to distribute cocaine at 23C Alpine Drive, Wappingers Falls, New York, in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 [Count Six]; possessing a Bryco .380 caliber semi-automatic pistol in furtherance of the drug trafficking crimes charged in Counts Five and Six of the Indictment, in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Count Seven]; and possessing a Bryco .380 caliber semi-automatic pistol in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1) [Count Eight]. We assume the parties' familiarity with the underlying facts of the case, which we reference only as necessary to explain our decision.

On appeal, Cook argues that there was insufficient evidence to prove his guilt of these offenses beyond a reasonable doubt. As we have made clear, "a defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a heavy burden, because we must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004) (internal quotation marks omitted). Only by demonstrating that "no rational factfinder could have found the crimes charged proved beyond a reasonable doubt" can such a defendant prevail. *Id.* at 459–60; *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Here, in reviewing all of the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor, we conclude that there was sufficient evidence upon which a rational fact-finder could have found Cook guilty on each of the above offenses. At trial, evidence was adduced that when police officers from the Newburgh Police Department executed the search warrant at Miss Cook's Deli, a knit cap containing cocaine and crack cocaine was thrown over the deli counter, behind which Cook was standing. One of the police officers then seized a loaded Mossberg 500C shotgun from behind the counter. Cook was arrested, at which point another officer removed a set of keys from his pants pocket.

The Newburgh Police Department then obtained a search warrant to search 23C Alpine Drive in Wappingers Falls; the officers executing that warrant used one of the keys in Cook's set of keys to open the door to that apartment. Inside the residence, the officers found approximately 259 grams of cocaine base in several containers, approximately 5.3 grams of crack cocaine in two knotted pieces of plastic, a loaded Bryco .380 caliber semi-automatic pistol, ammunition, a bulletproof vest, a digital scale with white powder residue on it, and various indicia of Cook's residence in the apartment, such as mail sent to him at that address, prescription bottles bearing his name, and the like. The parties also stipulated that Cook had previously been convicted of a felony in New Jersey state court and that the two firearms at issue—the Bryce .380 caliber semi-automatic pistol and the Mossberg 500C 20–gauge shotgun—had been made outside of New York State.

This evidence clearly permitted a rational jury to find Cook guilty of each of the above offenses. In arguing to the contrary, Cook essentially offers alternative interpretations of the evidence described above. As this Court has explained, however, "the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Salmonese*, 352 F.3d 608, 618 (2d Cir. 2003). That the jury acquitted Cook on Count Three, while convicting him of the other counts, further demonstrated its ability to sift through the evidence. *See, e.g., United States v. Diaz*, 176 F.3d 52, 105 (2d Cir.1999).

■ We also note that after his arrest, Cook gave a statement in which he himself essentially admitted to the offenses described above, stating that the crack cocaine, cocaine, and Mossburg 500C shotgun found at Miss Cook's Deli were his; that the crack cocaine, cocaine, and shotgun found at 23C Alpine Drive were also his; and that he regularly purchased cocaine, which he would cook into crack cocaine and then sell for a profit. This, of course, provided additional evidence for the jury to conclude that Cook was guilty of the above offenses. Cook now claims that this statement should not have been admitted, alleging that he repeatedly told his trial counsel that he had not been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), after he was arrested and that his signature on the *Miranda* waiver form was a forgery, but that his trial counsel did not pursue this line of argument. Cook makes this assertion, however, in the context of raising a broader ineffective assistance of counsel claim, which is more properly considered in a subsequent motion under 28 U.S.C. § 2255 than in the instant proceeding. *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir.2003). In any event, even absent Cook's statement, there was still sufficient evidence for a reasonable factfinder to find him guilty of the above offenses.

Accordingly, the decision of the district court is AFFIRMED, without prejudice to Cook's ability to bring his ineffective assistance of counsel claim in a subsequent Section 2255 motion.